UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JERMARSH ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-829 CAS |
| | ) | |
| THE FEDERAL GOVERNMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff filed this civil action under 42 U.S.C. § 1983 and the Federal Torts Claim Act, 28 U.S.C. § 1346, naming as defendant "The "Federal Government." Plaintiff has filed a motion for leave to proceed in forma pauperis, which will be granted.

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts to show that: (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. Alexander v. Hedback, 718 F.3d 762, 765 (8th Cir. 2013). Without these elements, a claim under § 1983 fails. When a defendant is an arm or entity of the federal government, he acts under color of federal law, not

under color of state law. Schutterle v. United States, 74 F.3d 846 (8th Cir. 1986). Therefore, the federal government cannot be sued under 42 U.S.C. § 1983. Williams v. United States, 396 F.3d 412 (D.C. Cir. 2005).

The Supreme Court has held that damage suits can be maintained against federal officials for violations of the Constitution. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 392 (1971). A Bivens action is only available against federal officers, however, not the United States or federal government entities. Hartze v. Federal Trade Comm'n, 106 F.3d 1406, 1408 (8th Cir. 1997). The United States cannot be sued in a Bivens action because of sovereign immunity. Schutterle v. United States, 74 F.3d 846, 848 (8th Cir. 1996). Thus, to the extent plaintiff's Complaint against the "Federal Government" should be construed as a Bivens action, it is barred by sovereign immunity.

Plaintiff makes the conclusory allegation that a person named Carne Cerone violated his constitutional rights "by not allowing [him] to prosecute" correctional officers for allegedly assaulting and torturing him at the St. Louis County Justice Center, and "displayed deliberate indifferance [sic] by continuously saying I was not hurt by this incident and there are no injuries in my medical records" and "told the prosecutor not to prosecute." Complaint at 3. Plaintiff seeks $500 trillion in damages.

These allegations fail to state a claim. First, plaintiff has not named Ms. Cerone as a defendant in this action. Second, plaintiff does not allege that Ms. Cerone is either a federal or a state employee. Assuming that Ms. Cerone is employed by either the federal or state government, plaintiff fails to allege a Bivens claim or a § 1983 claim as his allegations concerning her conduct do not rise to the level of a constitutional violation. The Court notes that a victim of a crime has no right to compel prosecution of a criminal action. The hallmark of a

criminal action is that it is filed by a prosecutor, not the victim. As a result, plaintiff's claims are frivolous under either Bivens or § 1983.

Federal Tort Claims Act

The Federal Tort Claims Act ("FTCA") waives sovereign immunity for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). The FTCA defines Government employees to include "officers or employees of any federal agency . . . and persons acting on behalf of a federal agency in an official capacity." 28 U.S.C. § 2671. In order to plead an actionable FTCA claim, a claimant must allege facts showing he was injured as a result of a tort committed by a federal employee acting within the scope of her employment. See Ali v. Federal Bureau of Prisons, 552 U.S. 214, 218 (2008). The United States is the proper defendant in an FTCA claim.

Plaintiff fails to state a claim under the FTCA because he does not allege that Ms. Cerone was a federal employee, and does not make any factual allegations that would show a tort was committed. Further, to bring an action under the FTCA, a plaintiff must first present his or her claim to the appropriate federal agency pursuant to 28 U.S.C. § 2675(a). Non-compliance with § 2675(a) operates as a jurisdictional bar to proceeding in federal court. McCoy v. United States, 264 F.3d 792, 795 (8th Cir. 2001) ("A litigant may not base any part of his tort action against the United States on claims that were not first presented to the proper administrative agency."). Plaintiff has not alleged that he presented his claim to the appropriate agency. Therefore, this action will be dismissed.

3

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will be filed separately.

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 9th day of June, 2015.